Micaud *vs.* Johnson.

John Daly, her husband, and was sold by the collector for non-payment of taxes, and was bought by O'Hern, the plaintiff. Within six months from this sale, the defendant tendered the plaintiff what he had paid and such other sum as the statutes then allowed, and demanded to redeem the property. He was refused. The defendant took out executory process, and the plaintiff injoined the sale. His injunction was dissolved with twenty per centum damages.

After stating the case,

---

No. 7443.

### E. MICAUD vs. W. M. JOHNSON.

The general rule is that the assignor of a credit warrants the existence of it, that is to say warrants that the debtor thereof owes it, but does not warrant that the debtor will pay it or can be made to pay it.

One is not presumed to renounce a legal right. The presumption is that he does not renounce, but a renunciation may result by cogent implication from his act or word, whereby his intention to renounce is manifested.

One who receives as the price of land a note of a third party, upon which the vendee is endorser, but without recourse, acknowledging it to be in full payment of the price

and free discharge and acquittance thereof granted, cannot rightly claim and enforce the vendor's privilege upon the land.

APPEAL from the District Court for Livingston.  BRADLEY, J. *ad hoc.*

*Bermudez* and *Russell* for Plaintiff Appellant.    *Wright* and *Muse* for Defendant.

In 1870 the defendant bought a tract of land from Thomas G. Davidson, paid him the price agreed on, $500, and cleared, improved and lived upon it.   No deed or written title was given, Davidson all along promising that he would make the formal title.   Finally he found out that Davidson had sold this same land to his daughter, the plaintiff, or pretended to sell it to her, after the sale to him and the receipt of his money, and when he next demanded his title of Davidson, he referred him to his daughter.   Learning that a suit was about to be instituted against him for the land, he reluctantly applied to her, and the result was she sold him the land for a note he held of another person payable to himself, but which he stipulated should be endorsed without recourse, and should be received in full payment of the price, $528.   The deed was then executed by Mrs. Micaud and her father Davidson in 1875, and expressed that she received this note " in full payment for the land, and free discharge and acquittance granted for the purchase price thereof."   It turned out that she could not or did not collect the note out of the maker, although the record has evidence of " some talk " of the maker executing a mortgage upon his own land to secure it.   Mrs. Micaud now sues Johnson upon the note as endorser, and claims a privilege as vendor on the land, which she asserts she has never waived.

After reciting the facts,

DE BLANC, J.   We adhere to the opinion expressed in Bacchus *v.* Moreau " that the intention to renounce a right, implied by law, should be either express or should result by cogent implication, and that a mere doubt would not suffice to deprive a party of the benefit of what the law presumes in his favor."   In this instance we are not left to infer the party's intentions.   They are clearly expressed, and no vendor's privilege can co-exist with the unqualified acknowledg-

ment that the price of the sale has been fully paid. In Abat *v.* Nolte this court said the price was paid by a draft, and the vendor acknowledged the receipt of the price in full, and could not have any privilege, inasmuch as the payment of the price was consummated according to the intention of the parties. C. N. S. 636; 2 A. 175; 30 A. 1257. Plaintiff relies on Art. 2193 (2189) of the Code, that "the creditor who discharges a debtor, by whom a delegation is made, has no recourse against the debtor if the person delegated becomes insolvent, unless the act contains an express reservation to that purpose, or unless the delegated person was in a state of open failure or insolvency. The general rule is that one who assigns a credit warrants its existence at the date of the transfer, but does not warrant the solvency of the debtor unless he has agreed to do so. There is not the least doubt, as between plaintiff and defendant, that the latter's endorsement was but a formality to complete the transfer of the note, and as the debt did exist, Mrs. Micaud has no recourse against Johnson. 14 L. 423.

*Judgment affirmed.*